UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY REYNOLDS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THE COCA-COLA COMPANY,<br><br>　　　　　Defendant. | Case No. 23-cv-01446-VC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART THE MOTION TO DISMISS**<br><br>Re: Dkt. No. 27 |

　　　　The motion to dismiss is granted with regard to the sentence "Minute Maid Juice Boxes are Good for You!" That sentence may well be misleading in the colloquial sense of the term and within the meaning of state law, but the applicable FDA regulations authorize the sentence, so the state law claims challenging its veracity are preempted. The motion to dismiss is denied with regard to the sentence "Enjoy Minute Maid Juice Boxes as Part of a Healthy Balanced Diet." Coca Cola has not shown that the sentence is authorized by the federal regulations, and the plaintiffs have adequately alleged that this sentence is misleading. Additionally, Reynolds lacks standing to pursue injunctive relief. This ruling assumes the reader is familiar with the facts, the applicable legal standard, and the arguments made by the parties.

　　　　*Preemption*. The "Good for You!" statement on the back of the juice box is an allowed implied nutrient content claim, and thus state law challenges to it are preempted by federal regulation. *Hawkins v. Kroger Company*, 906 F.3d 763, 769–70 (9th Cir. 2018) ("[I]f FDA regulations expressly permit the claim . . . any state law claim to the contrary would be preempted."). The back of the juice box has multiple statements that are uncontested nutrient content claims, including "No Sugar Added" and "An Excellent Source of Vitamin C." An implied nutrient content claim is a statement suggesting "that the food, because of its nutrient

content, may be useful in maintaining healthy dietary practices and is made *in association with* an explicit claim or statement about a nutrient." 21 C.F.R. § 101.13(b)(2)(i) (emphasis added). It's a close call, but ultimately the connection among the various statements is sufficient to render "Good for You!" an implied nutrient content claim. The "Good for You!" statement appears in larger text at the top of a label panel that contains the sugar and vitamin C statements. It operates like a topic sentence, where the assertions about particular nutrients appear to support the statement that precedes them. The primary, if not exclusive, reason that a reader would think the juice boxes "Good for You!" based on this panel is the appearance below of the nutrient content claims.

Reynolds argues that the connection between the statements is not direct enough because they are in different sentences, use different font sizes, and the sentence "100% Natural Flavors and No Added Colors" separates them. Dkt. No. 32 at 17. But direct adjacency is not a requirement. *Krommenhock v. Post Foods, LLC*, 334 F.R.D. 552, 571 (N.D. Cal. March 9, 2020). Rather, the inquiry involves determining whether there is a "connection given the words, their placement, and their context." *Id.* And taking into account the context of the entire label panel, the "Good for You!" statement is sufficiently connected to the sugar and vitamin C statements.[1]

The same analysis may well apply to the "Part of a Healthy Balanced Diet" statement. But a different regulatory provision governs implied nutrient content claims that make explicit reference to health: Companies "may use 'healthy' or related terms . . . as an implied nutrient content claim . . . in labeling of a food" only if certain other conditions are met. 21 C.F.R. § 101.65(d)(2). One of those conditions is that, if the food item has been fortified with vitamin C to reach a quantity of ten percent of daily recommended amount, then the addition must comply with the fortification policy in the regulations. 21 C.F.R. § 101.65(d)(2)(iv). The complaint

---

[1] Admittedly, this is a rather ill-defined inquiry, which helps explain why district courts are all over the map regarding just how connected two statements need to be: Part of the same graphic? Part of the same sentence? Separated by a comma, a period, a paragraph break? Ultimately, the best a court can do is consider the packaging in context and make a call about whether there's an association.

alleges that the juice boxes violate the referenced fortification policy. Dkt. No. 1 at 33–34.

Coca Cola does not dispute the alleged violation of the fortification policy in its motion to dismiss—rather, it asserts in a footnote that the fortification policy is irrelevant because the plaintiffs never allege that there was less than ten percent in the product to begin with. Dkt. No. 27 at 17 n.4. But that argument reverses the burden. If Reynolds were attempting to assert a cause of action based on the violation of the regulation, then the missing allegation would be a problem. But Reynolds is asserting that "Part of a Healthy Balanced Diet" is misleading under state law; it's Coca Cola that is invoking the regulations to assert the affirmative defense of federal preemption. Thus, the burden is on Coca Cola to demonstrate that the juice boxes either meet the ten percent threshold prior to fortification or were fortified in accordance with the policy.[2] Therefore, for the purposes of this motion to dismiss, the "Part of a Healthy Balanced Diet" statement is not a permissible implied nutrient content claim, so state law challenges to it are not preempted.[3] *Hawkins*, 906 F.3d at 772.

*State law claims*. Of course, the preemption analysis would only matter if Reynolds otherwise stated a claim under state law based on the "Part of a Healthy Balanced Diet" statement. He has done so. The complaint contains detailed allegations about health dangers posed by the consumption of fruit juice due to the quantity of sugar and the form of that sugar. Taking those allegations as true at the motion to dismiss stage, it is plausible that "members of the public are likely to be deceived" by the label statement. *Williams v. Gerber Products Co.*,

---

[2] Coca Cola's responses in the reply brief both miss the key point. Reynolds is not using the violation of the fortification policy as an independent basis of liability. *Contra* Dkt. No. 33 at 11 n.2. And a violation of the fortification policy is relevant to preemption—although it doesn't affect the clarity of the association between the statements, it prevents the "health" claim from being an allowed implied nutrient content claim *regardless* of the association. *Contra* Dkt. No. 33 at 11.

[3] This difference in outcomes is somewhat hard to swallow: two statements similarly connected to nutrient content claims receive opposite treatment because one uses the language "good for you" and the other uses a derivation of the word "health." But that does not change the task in assessing preemption. *See Hawkins*, 906 F.3d at 772 ("We are not the first to note that the FDA's food regulations promulgated under the NLEA are 'inconsistent and incomprehensive' . . . caus[ing] 'a large amount of judicial resources to be expended in the determination of these preliminary issues.'" (quoting Diana R.H. Winters, *The Magical Thinking of Food Labeling: The NLEA as a Failed Statute*, 89 TUL. L. REV. 815, 842, 850 (2015)).

552 F.3d 934, 938 (9th Cir. 2008). Coca Cola argues that there is no likely deception given that the amount of sugar is clearly indicated on the label. There is a split among California courts about whether health claims that may be misleading due to sugar content should be dismissed if the sugar quantity is clearly indicated on the label or permitted to proceed as a question of fact not suitable for the motion to dismiss stage. *Johnson-Jack v. Health-Ade LLC*, 587 F.Supp.3d 957, 966–68 (N.D. Cal. Feb. 24, 2022). But this case isn't just about sugar quantity; it is also about sugar structure. The complaint alleges that consumers think fruit juice is just as healthy as fruit, but that the sugar contained in fruit juice poses a greater health risk due to the destruction of the natural food matrix. *See, e.g.*, Dkt. No. 1 at 5–6. Thus, even if it were appropriate to conclude that a reasonable consumer would check the label to verify the sugar content after reading the health statement, nothing that can be checked on the box addresses the sugar structure issue. Moreover, the allegations about consumers' background assumptions regarding the healthiness of juice further bolster the plausibility of a deception claim in this case.

The various other state law claims also survive. For an express warranty violation, courts "regularly hold that stating a claim under California consumer protection statutes is sufficient to state a claim." *Tunick v. Takara Sake USA Inc.*, No. 23-cv-00572-TSH, 2023 WL 3958362, at *6 (N.D. Cal. June 12, 2023).[4] And one basis for a violation of the implied warranty of merchantability is a product's failure to "conform to the promises of fact made on the container or label if any." *LeGrand v. Abbot Laboratories*, No. 22-cv-05815-TSH, 2023 WL 1819159, at *14 (N.D. Cal. Feb. 8, 2023); *see also In re Ferrero Litigation*, 794 F.Supp.2d 1107, 1118 (S.D. Cal. June 30, 2011). Both the negligent and intentional misrepresentation claims "sound in fraud and deceit" and so "the economic loss rule does not bar" them. *Stanford v. General Insurance Company of America*, 2021 WL 56908, at *1 (N.D. Cal. Jan. 7, 2021). The complaint alleges that

---

[4] The only authority that Coca Cola cites regarding the express warranty claim holds than an image cannot be an "affirmation of fact or promise" that is "specific and unequivocal." *Baird v. Samsung Electronics America, Inc.*, 552 F.Supp.3d 679, 685–86 (N.D. Cal. 2021). But the statement "Enjoy Minute Maid Juice Boxes as Part of a Healthy Balanced Diet" is more than a mere image. And California "courts have liberally construed affirmations of quality made by sellers in favor of injured customers." *Keith v. Buchanan*, 173 Cal.App.3d 13, 21 (1985).

Coca Cola has long known about the dangers posed by the sugar in juice and has engaged in a campaign to convince consumers and regulatory agencies otherwise.[5] While these claims may ultimately be duplicative, that is "not a reason to dismiss the misrepresentation claims at the pleading stage when . . . the economic loss rule does not categorically bar" them. *Id.* at *2. And since several of Reynolds's claims are moving forward, the unjust enrichment claim may also.

*Injunctive Relief*. Reynolds lacks standing to seek an injunction. The complaint alleges that 100% fruit juice is never healthy due to the quantity and structure of sugar that it contains. Thus, Reynolds will never again be misled by statements about the healthfulness of a 100% fruit juice product. *See Davidson v. Kimberly-Clark Corporation*, 889 F.3d 956, 969–70 (9th Cir. 2018) (finding standing to seek injunctive relief over false advertising where the consumer might "reasonably, but incorrectly, assume the product was improved" or might want to buy the product again but cannot "rely on the product's labeling or advertising); *see also Heagney v. John Paul Mitchell Systems*, No. 23-cv-00687-VC, 2023 WL 4947974, at *3 (N.D. Cal. Aug. 2, 2023) ("Now that the consumers know what they know, why would they even think about purchasing the same products from [the defendant] again?").

***

All dismissals are with leave to amend. Any amended complaint must be filed within fourteen days or dismissal will be with prejudice. For the upcoming case management conference, the parties should be prepared to discuss whether discovery should be initially limited to the fortification issue. But at least with respect to that issue, discovery may proceed immediately.

**IT IS SO ORDERED.**

Dated: October 25, 2023

---

[5] Coca Cola cannot defeat this claim by invoking federal agency statements that juice consumption can be healthy. Those statements are not binding, nor do they have preemptive effect. And it is not implausible that Coca Cola could know juice to be unhealthy despite a regulatory agency making statements to the contrary.

VINCE CHHABRIA
United States District Judge